◼ In the Matter of BETHPAGE FEDERAL CREDIT UNION, Respondent, v SAL J. GRECO, JR., Constituting the Board of Water Commissioners of the Bethpage Water District, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the respondents constituting the Board of Water Commissioners of the Bethpage Water District to provide water distribution service to the petitioner's property, the appeal is from a judgment of the Supreme Court, Nassau County (Balletta, J.), dated September 3, 1987, which directed the respondent to provide the petitioner with water distribution service.

Ordered that the judgment is reversed, on the law, with costs, and the matter remitted to the Supreme Court, Nassau County, for a hearing and new determination in accordance herewith.

In April 1986 the petitioner, whose future headquarters will be located within the Bethpage Water District, sought the appellants' permission to contact the Hicksville Water District (hereinafter Hicksville) to ascertain whether Hicksville would be willing to supply the petitioner's future headquarters with water distribution service. The appellants by letter dated July 25, 1986, informed the petitioner that the Bethpage Water District would prefer to supply the new building with water via a 12-inch main extended from Nottingham Gate and Stewart Avenue along the Grumman property line over to South Oyster Bay Road and along South Oyster Bay Road to the building. In light of considerations relating to costs and convenience, however, the appellants expressed a willingness to allow the petitioner to seek water distribution service from Hicksville on certain conditions.

After receiving this letter, the petitioner entered into a contract whereby it relinquished its leasehold interest in its

present headquarters in exchange for, *inter alia,* a fee interest in the land on which its new headquarters would be situated. Construction was commenced whereupon the petitioner contacted Hicksville and requested that it supply water distribution service to the new building. Hicksville delayed the petitioner's application in consideration of pumpage limitations which had been proposed by the New York State Department of Environmental Conservation.

By letter dated October 22, 1986, the petitioner sought from the appellants confirmation of the representation made in their July 25, 1986 letter to the effect that they would supply water distribution service to the new headquarters in the event that Hicksville refused to do so. By letter dated December 9, 1986, the appellants informed the petitioner that its request for water availability had been denied. The appellants stated that "no additional development on the Grumman parcel can receive water from the Bethpage Water District without some sort of assistance being given by the developer to the District to increase the district's supply capacity". The letter further stated that "the pumpage caps, as imposed upon the Bethpage Water District by the Department of Environmental Conservation, are only part of the concern of the commissioners of [the] district that have caused the denial of your request for water availability. More importantly, in order to properly serve the residents and consumers of the Bethpage Water District a new well site facility must be created. Any new construction of any development which will substantially increase the district's capacity requirements will be required to contribute to this expansion of facilities". Ultimately, the petitioner refused to cooperate in this respect and has been denied water distribution service.

Neither the impact of the Department of Environmental Conservation caps nor the cost and extent of capital expenditures which would be necessary if the appellants were compelled to provide water service to the petitioner's facility has been fully developed in the record. Accordingly, the court erred in failing to conduct a hearing inasmuch as there were issues of fact presented in the papers submitted. At the hearing to be conducted upon remittitur, the court should also address the issue of the applicability of Town Law § 199.

In view of our determination herein, we decline to address the remaining issues raised by the parties. Mangano, J. P., Thompson, Bracken and Weinstein, JJ., concur.